O
JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN REAL, on behalf of himself, all others similarly situated,<br><br>Plaintiff,<br>v.<br>ST JUDE MEDICAL, INC. DBA ST. JUDE MEDICAL PRODUCTS, INC. a Minnesota Corporation; BOLT STAFFING SERVICE INC., an Idaho Corporation; and DOES 1-50 inclusive,<br><br>Defendants. | Case No. 2:16-cv-09632-ODW-AS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [14] AND DENYING AS MOOT DEFENDANT'S MOTION TO CONSOLIDATE [27]** |

### I.  INTRODUCTION

Plaintiff Juan Real has filed this putative class action lawsuit against Defendant St. Jude Medical, Inc. dba St. Jude Medical Products, Inc. ("St. Jude Medical Products") for violating several provisions of the California Labor Code and Unfair Competition Law. (Not. of Removal, ECF No. 1.) Before the Court is Plaintiff's motion to remand. (ECF No. 14.) For the reasons discussed below, the Court **GRANTS** Plaintiff's motion.

### II.  FACTUAL BACKGROUND

Plaintiff filed suit in Los Angeles Superior Court against St. Jude Medical Products, alleging: (1) failure to provide meal periods, (2) failure to provide rest

periods, (3) failure to pay hourly and overtime wages, (4) failure to provide accurate itemized wages statements, (5) failure to timely pay all final wages, and (6) violation of the unfair competition law. (Not. of Removal 2–3.) Plaintiff served CT Corporation ("CT"), St. Jude Medical Products' registered agent, with the Summons and Complaint on October 31, 2016. (Segal Decl. ¶ 7, Ex. 5, ECF No. 14-6.) CT subsequently contacted Plaintiff via email, stating that St. Jude Medical Products is an inactive corporation, that CT does not maintain an active record for St. Jude Medical Products, and that CT did not forward the Complaint to St. Jude Medical Products. (Segal Decl. ¶ 8, Ex. 6, ECF No. 14-7.) The parties dispute whether service was proper on October 31, 2016, in light of St. Jude Medical Products' status as a forfeited California corporation. (Mot. to Remand 5, ECF No. 14; Opp'n 2–3, ECF No. 17.)

On November 29, 2016, twenty-nine days after Plaintiff served St. Jude Medical Products, an attorney representing a related entity—St. Jude Medical, Cardiology Division, Inc. ("St. Jude Cardiology")—contacted Plaintiff's counsel regarding this action. (Segal Decl. ¶ 9, Ex. 7, ECF No. 14-8.) The attorney informed Plaintiff that he erroneously sued St. Jude Medical Products, and that St. Jude Cardiology is the "proper employer defendant" in this action. (*Id.*) The parties do not dispute that they conversed on November 29, 2016, to discuss the proper defendant entity in this matter. (*Id.*; Segal Decl. ¶ 3, ECF No. 18-1.) However, the parties dispute whether the conversation on November 29, 2016, changed the effective date of service from October 31, 2016, to November 29, 2016. (Segal Decl. ¶ 3, ECF No. 18-1; Beilke Decl. ¶ 6, ECF No. 17-1.) Plaintiff's counsel argues that he did not agree to amend the Complaint to change the defendant to St. Jude Cardiology, and that he did not agree that the effective date of service on Defendant was November 29, 2016. (Segal Decl. ¶ 3, ECF No. 18-1.) The attorney representing St. Jude Cardiology argues that Plaintiff's counsel agreed to amend the Complaint to reflect the alleged proper defendant—St. Jude Cardiology—and that service on St. Jude Cardiology was

effective on November 29, 2016. (Beilke Decl. ¶ 6, ECF No. 17-1.)

In any event, Plaintiff never filed an amended Complaint naming St. Jude Cardiology. Nonetheless, St. Jude Cardiology removed this action to federal court on December 29, 2016, and purported to answer the Complaint a week later (noting in its answer that it was "erroneously sued as" St. Jude Medical Products). (ECF Nos. 1, 10.) Plaintiff then filed a timely motion to remand. (ECF No. 14.) St. Jude Cardiology filed a timely opposition, and Plaintiff filed a timely reply. (ECF Nos. 17, 18.)[1] That Motion is now before the Court for review.

### III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and by Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). A defendant may remove a case from state court to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a).

There is a "'strong presumption' against removal jurisdiction" when evaluating a motion to remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)). Accordingly, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* Further "[t]he burden of establishing federal jurisdiction is upon the party seeking removal," *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988), and "defendants . . . bear the burden of showing that removal was proper." *Fayard v. Northeast Vehicle Servs., LLC*, 533 F.3d 42, 48 (1st Cir. 2008).

---

[1] After considering the papers filed in support of the motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## IV. DISCUSSION

Based on the strong presumption against removal and the Court's conclusion that Plaintiff properly served St. Jude Medical Products on October 31, 2016, the Court grants Plaintiff's motion to remand.

### A. Request for Judicial Notice

Before reaching the merits of Plaintiff's motion, the Court turns first to Plaintiff's request for judicial notice. (ECF No. 15.) Under Federal Rule of Evidence 201(b), a court may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court may properly take judicial notice of facts in the public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). In deciding a motion to remand, "[a] court can consider evidence . . . including documents that can be judicially noticed." *Vasserman v. Henry Mayo Newhall Mem. Hosp.*, 65 F. Supp. 3d 932, 941 (C.D. Cal. 2014).

In Plaintiff's request for judicial notice, he submits documents that are entity records from the California Secretary of State's website for the following: St. Jude Medical Products, St. Jude Medical S.C. Inc., St. Jude Medical Atrial Fibrillation Division Inc., St. Jude Medical Business Services, Inc., and St. Jude Medical Cardiology Division, Inc. (ECF No. 15.) Based on Plaintiff's request, the Court takes judicial notice of the fact that St. Jude Medical Products is a forfeited corporation in California. (Req. for Judicial Notice, Ex. 1, ECF No. 15-1.) This fact is a proper subject of judicial notice because it is supported by a document "whose accuracy cannot reasonably be questioned," namely, by an entity record from the California Secretary of State's online database. *Id.*; Fed. R. Evid. 201(b); *see Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015) (taking judicial notice of facts in a business entity profile on the California Secretary of State's website).

/ / /

**B.     Plaintiff Properly Served St. Jude Medical Products on October 31, 2016**

Plaintiff argues that it properly served St. Jude Medical Products on October 31, 2016, and thus, St. Jude Cardiology was required to remove the case to federal court no later than November 30, 2016—twenty-nine days before it actually did so.  (Mot. to Remand 3–4.)  Specifically, Plaintiff contends that an entity's inactive status does not permit its agent to reject service.  (*Id.* at 5.)  In addition, Plaintiff argues that "[u]nder California law, a dissolved corporation can be served on . . . the agent for service of process at the time of the dissolution."  (*Id.*)  In response, St. Jude Cardiology argues that St. Jude Medical Products "forfeited its right to transact business within . . . California in 1998," and thus, CT properly "***rejected*** service because [St. Jude Medical Products] does not exist."  (Opp'n 5 (emphasis in original).)  In addition, St. Jude Cardiology contends that it was not notified of this lawsuit until November 29, 2016, which it argues marked the "trigger date for removal."  (*Id.* at 9.)

Under 28 U.S.C. § 1446(b)(1), "notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  "The issue of the sufficiency of service of process prior to removal is strictly a state law issue."  *Lee v. City of Beaumont*, 12 F.3d 933, 936–37 (9th Cir. 1993), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).  In California, "[a] summons may be served on a [forfeited] corporation . . . by delivering a copy of the summons and of the complaint . . . [w]hen authorized by any provision in Section[] . . . 2114 of the Corporations Code."  Cal. Code Civ. Proc. § 416.20(b).  Section 2114 of the California Corporations Code, in turn, authorizes service on a foreign corporation that has forfeited its right to transact intrastate business "in the manner set forth in Section[] 2110 . . . as if the right to transact intrastate business had not been forfeited."  Cal. Corp. Code § 2114(c).

Moreover, "[t]he fact that a corporation ceases to transact intrastate business without filing a certificate of surrender does not revoke the appointment of any agent for the service of process." *Id.* § 2114(d). Finally, Section 2110 of the California Corporations Code provides that "[d]elivery by hand of a copy of any process against a foreign corporation . . . if the corporation has designated a corporate agent . . . shall constitute valid service on the corporation." Cal. Corp. Code § 2110(c).

According to the Secretary of State, CT was, and still is, St. Jude Medical Products' designated agent for service of process. (Req. for Judicial Notice, Ex. 1, ECF No. 15-1.) Thus, service of the Summons and Complaint on CT constituted valid service; the fact that St. Jude Medical Products forfeited its right to transact business in California does not change this.[2] *See* Cal. Code Civ. Proc. § 416.20(b); Cal. Corp. Code § 2114(c); Cal. Corp. Code § 2110(c). Unless a forfeited entity has also "fil[ed] a certificate of surrender"—which did not happen here—the designated agent's appointment to receive process on behalf of the forfeited entity is not revoked. Cal. Corp. Code § 2114(d). Moreover, neither the fact that CT purported to reject service, nor the fact that it failed to forward the Summons and Complaint to St. Jude Medical Products, makes a difference. (Segal Decl. ¶ 8, Ex. 6, ECF No. 14-7.) Service is deemed sufficient and complete upon delivery of the Summons and Complaint to a company's agent for service of process—here, CT. *See* Cal. Corp. Code § 2110(c). What happens to those documents thereafter cannot change this; indeed, it would be a slippery slope for the Court to hold that valid service on an agent was ineffective just because the *agent* bungled his or her duty to then forward the documents to the right person.[3] Therefore, Plaintiff properly served St. Jude Medical Products on October

---

[2] The fact that the company may now be defunct also does not change this. *See* Cal. Corp. Code § 2011(b) ("Summons or other process against [a dissolved] corporation may be served by delivering a copy thereof . . . to any agent upon whom process might be served at the time of dissolution.").

[3] St. Jude Cardiology relies on cases holding that strict compliance with a statute's governing service of process is not required as long as the defendant received actual notice of the action. *See, e.g.*, *E. Bay Mun. Util. Dist. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. C 09-0614 PJH, 2009 U.S. Dist. LEXIS 35089, at *9–11 (N.D. Cal. Apr. 10, 2009). However, that does not mean the converse is true—that is, the defendant's purported failure to receive sufficient notice of the action

31, 2016, and St. Jude Cardiology's removal on December 29, 2016, was untimely.

## C. Naming St. Jude Medical Products instead of St. Jude Cardiology in the Summons and Complaint Does Not Invalidate Service

In his moving papers, Plaintiff appears to argue that St. Jude Medical Products is a misnomer for St. Jude Cardiology and that CT is the agent for service of process for both entities, and thus, service on St. Jude Medical Products via CT on October 31, 2016, also constituted service of process on St. Jude Cardiology. (*See* Mot. to Remand 5–6.) In response, St. Jude Cardiology vigorously disputes that St. Jude Medical Products could be a misnomer for St. Jude Cardiology. (Opp'n 6–9.) In reply, Plaintiff appears to abandon his prior suggestion that he intended to name St. Jude Cardiology in his Complaint, arguing instead that he "did not agree that St. Jude [Cardiology] was a named defendant." (Reply 1.) The Court therefore does not address Plaintiff's original argument that the Complaint intended to name St. Jude Cardiology instead of St. Jude Medical Products. Thus, the Court also need not determine whether service was properly effected on St. Jude Cardiology on October 31.

## D. The November 29, 2016, Conversation Did Not Vitiate Service of Process on October 31, 2016

Lastly, the parties dispute whether their conversation on November 29, 2016, restarted the clock on the thirty-day removal requirement. On November 29, 2016, an attorney for St. Jude Cardiology contacted Plaintiff's counsel regarding this case. According to St. Jude Cardiology's counsel, she informed Plaintiff's counsel that St. Jude Medical Products is not the proper defendant in this action, and that the proper defendant is actually St. Jude Cardiology. (Beilke Decl. ¶ 7, Ex. A, ECF No. 17-1.) Moreover, St. Jude Cardiology's counsel stated that in any event, CT did not have

---

surely cannot *invalidate* service where the plaintiff has strictly complied with the service of process statutes.

7

authority to accept service of process on behalf of St. Jude Medical Products, and thus, service on that entity was ineffective. (*Id.*) Plaintiff's counsel apparently agreed to examine the error naming the defendant and amend the Complaint accordingly, and also apparently agreed that service on St. Jude Cardiology would be deemed effective as of November 29, 2016. (*Id.*; Beilke Decl. ¶ 6.) Thus, according to St. Jude Cardiology, the deadline to remove the action continued accordingly. (Opp'n 3.)

Plaintiff's counsel has a different recollection of the conversation. Plaintiff's counsel states that he did not agree that St. Jude Medical Products was the incorrect defendant, did not commit to amending the Complaint, and did not agree that service on St. Jude Medical Products was ineffective on October 31, 2016. (Segal Decl. ¶ 3, ECF No. 18-1.) Thus, according to Plaintiff's counsel, the deadline to remove the action to federal court was thirty days after October 31, 2016.

Based on the competing declarations and exhibits, the Court cannot discern what the parties agreed to during the November 29, 2016, conversation. For example, it is unclear why Plaintiff would agree to amend his Complaint to name St. Jude Cardiology when Plaintiff had not even agreed that St. Jude Medical Products was in fact the incorrect defendant. Moreover, it is unclear why either party would agree—or even *how* either party *could* agree—that counsel would accept service on behalf of an entity (St. Jude Cardiology) that was not named as a defendant at that time.[4] Thus, it is not clear that this agreement to accept service on behalf of St. Jude Cardiology vitiated prior service on St. Jude Medical Products. The Court must remand the action

---

[4] On that note, the Court is puzzled as to why St. Jude Cardiology answered the Complaint when it was not named as a defendant in the action. Indeed, St. Jude Cardiology spends several pages in its opposition arguing how the two entities are completely distinct and separate. The Court is not aware of any authority that permits St. Jude Cardiology to unilaterally substitute itself as the defendant in place of another separate and distinct legal entity. If Plaintiff insists on pursuing an action against an entity that ultimately has no liability for the underlying conduct, it is Plaintiff that runs the risk of losing his case. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (affirming summary judgment where plaintiff erroneously sued "Mammoth Recreations, Inc." instead of "Mammoth Mountain Ski Area, Inc.").

where, as here, there is any doubt as the right of removal. *See Aerio, Inc. v. Curricula, LLC*, No. C08-4788 BZ, 2009 U.S. Dist. LEXIS 1622, at *4 (N.D. Cal. Jan. 5, 2009) ("I find that defendant has not satisfied its burden of establishing that removal was timely and therefore proper. At best, the competing declarations offset each other, so defendant has not established its version of the facts by a preponderance of the evidence.").

## V. CONCLUSION

For the reasons discussed above, Plaintiff's motion to remand is **GRANTED**. The Court directs the Clerk to remand this action to the Los Angeles Superior Court, Case No. BC637777. The Court also **DENIES AS MOOT** Defendants' pending Motion to Consolidate. (ECF No. 27.) The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

March 29, 2017

_____
        **OTIS D. WRIGHT, II**
    **UNITED STATES DISTRICT JUDGE**